# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **TODD DILLON.,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**YELLOWSTONE CAPITAL, LLC,** a limited liability company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Todd Dillon. ("Dillon" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Yellowstone Capital, LLC ("Yellowstone" or "Defendant") to stop Yellowstone from violating the Telephone Consumer Protection Act by placing unsolicited prerecorded solicitation calls to consumers without their consent, and to otherwise obtain injunctive and monetary relief for all persons injured by Yellowstone's conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1. Yellowstone is a provider of merchant cash advance loans to business owners.[1]

2. Fundry is the parent company of Yellowstone.[2]

3. In order to sustain its growth in the cash advance industry, Yellowstone utilizes many marketing methods including telemarketing.

---

[1] https://www.linkedin.com/company/yellowstone-capital-llc/about/
[2] https://www.prnewswire.com/news-releases/meet-fundry-yellowstone-capitals-new-parent-company-300152597.html

4. Part of Yellowstone's telemarketing plan includes placing prerecorded solicitation phones calls to try and solicit business from new clients.

5. Yellowstone places these prerecorded calls despite lacking the necessary express prior written consent.

6. In Plaintiff's case, Yellowstone placed 2 prerecorded calls to his cellular phone without his prior written express consent.

7. In response to these unsolicited prerecorded calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease from placing prerecorded calls, as well as an award of statutory damages to the members of the Class.

## PARTIES

8. Plaintiff Dillon is a Wilmington, North Carolina resident.

9. Defendant Yellowstone is a New Jersey limited liability company headquartered in Jersey City, New Jersey. Defendant conducts business throughout this District, the State of New Jersey, and throughout the United States.

## JURISDICTION AND VENUE

10. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

11. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant does significant business in this District and the state of North Carolina, and because the wrongful conduct giving rise to this case occurred in this District. Venue is additionally proper because Plaintiff resides in this District.

## COMMON ALLEGATIONS

**Yellowstone Markets its Services by Placing Prerecorded Calls to Consumers' Cellular Phone Numbers Without Consent**

12. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

13. Yet in violation of this rule, Defendant fails to obtain any express written consent prior to placing prerecorded calls.

14. Defendant places calls from telephone number 855-972-2748, as shown below:

> **YELLOWSTONE CAPITAL**
> Copyright © Yellowstone Capital
> 1 Evertrust Plaza, 14th Floor Jersey City,
> New Jersey, 07302
>
> **CONTACT**
> info@yellowstonecap.com
> **1-855-972-2748**
> Privacy Policy

[3]

15. It is no surprise that consumers have voiced their complaints online about receiving unsolicited calls from Yellowstone:

- "Unsolicited call"[4]
- "when I didn't ask for it I don't want it"[5]
- "Block this call."[6]
- "scam scam scam."[7]

---

[3] Furthermore, the agent who called Plaintiff from telephone number 855-972-2748 identified his or herself as working for Yellowstone.
[4] https://www.shouldianswer.com/phone-number/8559722748
[5] *Id.*
[6] *Id.*
[7] *Id.*

3

- "…robot voice mentioned a business loan from Yellowstone Capital"[8]

## PLAINTIFF'S ALLEGATIONS

**Yellowstone Placed Prerecorded Calls to Plaintiff's Cell Phone Number Without Plaintiff's Consent**

16. On September 29, 2017 at 1:22 PM, Plaintiff Dillon received a prerecorded call on his cellular phone from Defendant using phone number 855-972-2748.

17. Plaintiff pressed the button that would allow him to speak with a live agent. The agent answered by identifying the company as being Yellowstone, explaining that the reason for the call was to solicit a loan.

18. Plaintiff told the agent that he was not interested and demanded that Defendant not call him again.

19. Despite his clear request for the calls to stop, Plaintiff received a second prerecorded call on his cellular phone from Defendant on January 24, 2018 at 5:53 PM, again using phone number 855-972-2748.

20. When the prerecorded message began to play, Plaintiff hung up the phone.

21. Plaintiff does not have a relationship with Yellowstone or any of its affiliated companies, nor has he ever requested that Yellowstone place any phone calls, or consent to any contact from Defendant.

22. Simply put, Yellowstone did not obtain Plaintiff's prior express written consent to place prerecorded phone calls to him on his cellular telephone.

23. The unauthorized prerecorded phone calls sent by Yellowstone, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and disturbed Dillon's use and

---

[8] https://stopcaller.net/5752151764

4

Case 7:19-cv-00040-FL   Document 1   Filed 02/28/19   Page 4 of 10

enjoyment of his phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

24. Seeking redress for these injuries, Dillon, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits prerecorded phone calls.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Prerecorded Calls Placed by Yellowstone**

25. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

> **Prerecorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through the present (1) Defendant (or an agency acting on behalf of Defendant) called (2) using a prerecorded voice message, and (3) for whom Defendant claims (a) they obtained prior express written consent in the same manner as Defendant claims they supposedly obtained prior express written consent to call Plaintiffs, or (b) they did not obtain prior express written consent.
>
> **Prerecorded Stop Class**: All persons in the United States who (1) Defendant (or a third person acting on behalf of Defendant) called, (2) on the person's cellular telephone, (3) for the purpose of selling Defendant's products and services, (4) using a prerecorded voice, (4) after the person informed Defendant that s/he no longer wished to receive calls from Defendant.

26. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated

5

and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

27. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

28. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) Whether Defendant placed prerecorded solicitation calls to Plaintiff and the members of the Class;

    (b) whether Defendant placed prerecorded calls to Plaintiff and members of the Class without first obtaining prior express written consent to place the prerecorded calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Classes.

30. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief

appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CLAIM FOR RELIEF**
Telephone Consumer Protection Act
(Violation of 47 U.S.C. § 227)
(On Behalf of Plaintiff and the Prerecorded No Consent Class)

31. Plaintiff Ford repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference.

32. Defendant and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff and the other members of the Prerecorded No Consent Class using a prerecorded voice message.

33. These prerecorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Prerecorded No Consent Class.

7

34. Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Prerecorded Stop Class)**

35. Plaintiff repeats and realleges paragraphs 1 through 30 of this Complaint and incorporates them by reference.

36. Defendant and/or its agents made unwanted solicitation telephone calls to cellular telephone numbers belonging to Plaintiff and the other members of the Prerecorded Stop Call Class after being told to stop calling.

37. These solicitation telephone calls were made *en masse*.

38. Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(B). As a result of Defendant's conduct, Plaintiff and the other members of the Prerecorded Stop Call Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages to be paid into a common fund for the benefit of Plaintiff and the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

8

d) A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

e) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful texting practices;

f) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

g) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**TODD DILLON.**, individually and on behalf of those similarly situated individuals

Dated: February 28, 2019

By: /s/ *Ted Johnson*

Ted Lewis Johnson
PO Box 5272
Greensboro, NC 27435
tedlewisjohnson@tedlewisjohnson.com
Phone: (336) 252-8596

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

9

*Attorneys for Plaintiff and the putative Class*

*Pro Hac Vice motion forthcoming*